**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4554-17T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

TERENCE CHATMAN,

     Defendant-Respondent.

_____

> Submitted November 15, 2018 – Decided December 28, 2018
>
> Before Judges Accurso and Moynihan.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 17-08-2305, 17-08-2306 and 17-12-3473.
>
> Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for appellant (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).
>
> BMB Law Firm, attorneys for respondent (Brooke M. Barnett, on the brief).

PER CURIAM

The State appeals from the motion judge's order, arguing the judge abused his discretion when he granted defendant Terence Chatman's motion to suppress evidence seized pursuant to a search warrant issued by another Law Division judge. We conclude the affidavit submitted in support of the application for the search warrant did not establish probable cause required for its issuance under Rule 3:5-3(a) and affirm.

The warrant was issued based on an affidavit submitted by a detective from the Middlesex County Prosecutor's Office. After setting forth his training and experience, the detective related the contents of several tips received by the Middlesex County Crime Stoppers Program; the tipster was anonymous. Two of the tips were received on May 21, 2017. The first tip provided defendant's address, physical description, employer, phone number and a description of an "ii" tattoo on his neck and stated defendant was affiliated with the Bloods. That tip, most of which required the tipster to type information next to categories provided on the formatted Crime Stoppers webpage, also listed the type of offense as "Drugs and Baggie" and listed "Guns" on the "Weapons" line. A second tip reiterated that information, including "Guns" on the "Weapons" line, and added that defendant "[h]as a case now in Edison. He say he is gonna eliminate the prosecutor on his case. Keeps a machine gun in his house." The

tipster also provided that a certain Barbershop was defendant's "Hangout[]" and "Trub" was his alias.

The tipster responded three days later to questions left for him on the Crime Stoppers site: "There are weapons at [defendant's] house and he sometimes carries a gun. The one at his house is a machine gun. He stays with his mother and father. He does not have a car. He rides to work with a friend." Responding to a request for additional information, the tipster replied, "The threat is against the prosecutor for his current drug and gun case . . . He has told a few people about it. He said he will kill [the prosecutor] before he goes back to jail. If he knows I told he will kill me." He attached a newspaper article regarding his arrest in Edison. When subsequently asked about the location and type of weapons, the tipster wrote:

> Last I saw [the machine gun] was in a closet but I'm not sure now. It's a real small place 2 bedroom. He has a few guns. I seen him with a 22 and a 9. I think the only place he[']s not strapped is at work. The father has guns to[o] but [I] don't know what they are.

The tipster later replied to a Crime Stoppers inquiry that defendant typically works from 7:30 a.m. until 4:30 p.m. on weekdays, and that one of two named individuals, whom the tipster described as "in the drug biz" and possibly armed, pick him up and drive him to work.

The affidavit submitted in support of the search warrant added defendant's prior record of arrests and convictions, domestic violence complaints, and an anonymous tip to Irvington police in February 2017 that defendant – a "convicted murderer [and] drug dealer" who went by the nickname, "Trub" – had a gun visible at his home address and that there were weapons, including a machine gun. The tip also echoed some of the other information contained in the Crime Stoppers tips. Irvington detectives did not successfully follow-up the February 2017 tip. The affidavit also provided that defendant had an active warrant out of Roselle.

The detective set forth in the affidavit law enforcement's efforts to corroborate the tips. The detective, using a variety of computer-based sites, verified defendant's address, phone number, employer, tattoos, gang affiliation and that defendant was named in the Edison case; he also verified an alias for defendant listed in the New Jersey County Correction Information System: Trouble. During surveillance of defendant, the detective saw him leave the given address and proceed to his employer; defendant, contrary to the tipster's information, drove himself to work.

Based on the affidavit,[1] the challenged warrant was issued for defendant's person[2] for violations of weapons crimes and murder, including weapons, ammunition, body armor, magazines, and holsters. The warrant was executed six days later. Although a search warrant return is not included in the record, the State represented to the motion judge that an assault-type machine gun was found in a closet in defendant's residence.

We review a Law Division judge's determination of whether a search warrant was supported by adequate probable cause as a question of law. The motion judge's interpretation of the law is not entitled to any special deference. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). That review applies our Supreme Court's instruction:

> When a police officer seeking a search warrant presents the basis therefor in affidavit form to a judge for evaluation on the issue of probable cause, the judge's approach must be a practical and realistic one. The officer's statements must be looked at in a common sense way without a grudging or negative attitude.

---

[1] The "testimony under oath" box on the search warrant is checked, indicating the issuing judge also considered the detective's testimony. We do not perceive, and the parties do not argue, that anything but the affidavit was considered.

[2] We note the "premises" box on the warrant was not checked. Nor was a description of the premises provided in the warrant, see R. 3:5-3(a); the street address and apartment number of the premises were merely mentioned, following defendant's description, as his address. Defendant did not raise any issue related to this observation on appeal.

There must be an awareness that few policemen have legal training and that the material submitted to demonstrate probable cause may not be described with the technical nicety one would expect of a member of the bar. Moreover, the judge should take into account the specialized experience and work-a-day knowledge of policemen. State v. Contursi, 44 N.J. 422, 431 (1965). The facts asserted must be tested by the practical considerations of everyday life on which reasonably prudent and experienced police officers act. Brinegar v. United States, 338 U.S. 160, 175 (1949). Once the judge has made a finding of probable cause on the proof submitted and issued the search warrant, a reviewing court, especially a trial court, should pay substantial deference to his determination. State v. Tanzola, 83 N.J. Super. 40, 43 (App. Div. 1964).

[State v. Kasabucki, 52 N.J. 110, 117 (1968).]

Warrant applications "should be read sensibly rather than hypercritically and should be deemed legally sufficient so long as they contain[] factual assertions which would lead a prudent [person] to believe that a crime [has] been committed and that evidence . . . of the crime [is] at the place sought to be searched." State v. Sullivan, 169 N.J. 204, 217 (2001) (alterations in original) (quoting State v. Laws, 50 N.J. 159, 173 (1967)). If the information in the affidavit could have reasonably led the issuing judge to find probable cause, that judge's determination should not be second guessed upon review. See Illinois v. Gates, 462 U.S. 213, 236 (1983). If the factual support used to establish probable cause in a search warrant affidavit is placed in issue, and its "adequacy

6

appears to be marginal, the doubt should ordinarily be resolved by sustaining the search." State v. Jones, 179 N.J. 377 388-89 (2004) (quoting Kasabucki, 52 N.J. at 116). It follows that "[a] search warrant is presumed to be valid and an appellate court's role is not to determine anew whether there was probable cause for issuance of the warrant, but rather, whether there is evidence to support the finding made by the warrant-issuing judge." State v. Chippero, 201 N.J. 14, 20-21 (2009). The burden of proving lack of probable cause in the warrant application rests on the defendant. Sullivan, 169 N.J. at 211.

Even deferring to the issuing judge, and accepting the motion judge's determination that the affidavit did not contain false statements so as to violate the tenets of Franks v. Delaware,[3] the evidence presented within the four corners of the affidavit was insufficient to support the judge's finding that there was probable cause to search defendant's premises for guns, Chippero, 201 N.J. at 26; State v. Wilson, 178 N.J. 7, 14 (2003).

The probable cause inquiry "must assess the connection of the item sought to be seized 1) to the crime being investigated, and 2) to the location to be searched as its likely present location." Chippero, 201 N.J. at 29. We have held the failure to provide information about "when the criminal activity occurred"

---

[3] 438 U.S.154 (1978).

was a fatal flaw. State v. Alternburg, 223 NJ Super 289, 294-95 (App. Div. 1988). "Absent some time reference, the allegations of the affidavit are inadequate to provide a neutral judicial officer with a reasonable basis for suspicion that a present search of the premises and a seizure of the [evidence of criminality] would yield current evidence of criminal activity." Id. at 294; see Rosencranz v. United States, 356 F.2d 310, 316-17 (1st Cir. 1966) (noting that a warrant affidavit that lacks facts concerning the timeliness of information impairs a magistrate's ability to determine probable cause); see also State v. Novembrino, 105 N.J. 95, 124 (1987) (citing and quoting Rosencranz with approval).

The tipster's information about weapons at the premises relayed to the issuing judge did not contain a time reference: the word "Guns" twice listed on the "Weapons" line of the Crime Stoppers website; defendant "[k]eeps a machine gun in his house"; "[t]here are weapons at his house" and "[t]he one at his house is a machine gun"; and the last time the tipster saw the machine gun, it "was in a closet but I'm not sure now." Not only is there a lack of time reference, the tipster admitted – in the last communication regarding the weapon – uncertainty as to its location. The tipster was never asked about, and never provided, information about when the machine gun was observed in defendant's

residence.  We cannot infer that the observation was made proximately to the

tip because

> [t]o make a double inference, that the undated
> information speaks as of a date close to that of the
> affidavit and that therefore the undated observation
> made on the strength of such information must speak as
> of an even more recent date would be to open the door
> to the unsupervised issuance of search warrants on the
> basis of aging information.
>
> [Altenburg, 223 N.J. Super. at 294 (quoting
> Rosencranz, 356 F.2d at 316-17).]

The detective's corroboration of the tipster's information did not remedy

the deficiency.  Two important factors for consideration in the totality of the

circumstances analysis to determine if there was a substantial basis to credit an

informant's tip are the informant's veracity and the informant's basis of

knowledge for the information supplied.  State v. Smith, 155 N.J. 83, 93 (1998)

(citing Gates, 462 U.S. at 238).  Because the tip was anonymous and the State

could not establish its veracity by showing past instances of the tipster's

reliability, the State was required to show the source had a basis of knowledge.

See Alabama v. White, 496 U.S. 325, 329 (1990).  Anonymous tips alone are

generally insufficient to obtain a reasonable suspicion, much less probable

cause.  See State v. Golotta, 178 N.J. 205, 228 (2003).  If inadequately

demonstrated by the information provided by the informant, either the veracity

prong or basis of knowledge prong can be bolstered by a corroborative investigation which lends them independent weight. Smith 155 N.J. at 98; see Sullivan, 169 N.J. at 213-14.

The corroborated information did not include any facts related to the tipster's knowledge about weapons in defendant's premises; it pertained only to neutral information which, as demonstrated by the detective's efforts, was readily available on websites. As was the case in Smith, "police corroboration of that neutral information does not alone or with all the surrounding circumstances suggest that defendant was engaged in criminal activity." 155 N.J. at 99; see State v. Zutic, 155 N.J. 103, 111-12 (1998). There must be corroboration of the ultimate allegation of criminal activity, for "without the corroboration of suspicious detail there can be no inference that defendant was engaged in criminal activity." Zutic, 155 N.J. at 112.

Nor did the detective's extensive training and experience – set forth in the first four of the affidavit's eleven pages – lend to the establishment of probable cause. While that experience fostered an expertise that could be used to draw inferences from objective facts, it did "not lower the quantum of evidence needed to establish probable cause. An officer's experience is only useful in establishing probable cause if the officer uses the experience to infer that a

suspect is engaged in criminal activity." Smith, 155 N.J. at 99. The detective's experience, even in tandem with his efforts to corroborate the tip, did nothing to establish probable cause regarding the presence of a weapon in defendant's residence at the time he made the warrant application.

Inasmuch as the affidavit did not contain evidence to support the judge's finding of probable cause, defendant's motion to suppress evidence was properly granted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4554-17T4